# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **BILLY CARL ADAMS,** | |
| Plaintiff, | Case No. 7:14CV00506 |
| v. | **OPINION** |
| **CHADWICK PHILLIPS, ET AL.,** | By: James P. Jones |
| | United States District Judge |
| Defendants. | |

*Billy Carl Adams, Pro Se Plaintiff.*

The plaintiff, proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that various state probation officials have violated his constitutional rights related to the revocation of his probation in September 2012. The court filed the action on condition that the plaintiff consent to payment of the filing fee, which he has done. Upon review of the plaintiff's 51-page Complaint and numerous attachments, I find that the lawsuit must be summarily dismissed without prejudice for failure to state a claim.

I.

Plaintiff Billy Carl Adams was convicted in 2004 of fraud-related offenses in three western Virginia jurisdictions. A condition of his probation in each of these jurisdictions was to make payments toward satisfaction of court-ordered fines and restitution, which totaled $23,276.60 among the three courts. Adams had

difficulty finding a job while on probation, however, and did not meet the schedule of payments toward these court obligations.

During a meeting on October 7, 2010, Adams showed Probation Officer Chadwick Phillips an insurance settlement check in the amount of $25,000.00. Phillips encouraged Adams to use the check to pay his court-ordered financial obligations so he could be released from probation. Instead, Adams told Phillips that he planned to buy a tractor trailer, a purchase that required a $17,000 down payment, sizable monthly payments, and insurance costs. By starting his own freight hauling business, Adams believed he could earn enough money to pay his court obligations to all three courts, meet his monthly needs, and pay child support.

Unbeknown to Adams, on September 24, 2010, before his meeting with Phillips, probation officers in Salem had filed a probation revocation warrant against Adams, based on a letter from Phillips regarding Adams' failure to make payments toward his restitution and fines, and a capias had issued for Adams' arrest. During the October 7, 2010, meeting, Phillips did not mention to Adams the outstanding capias. Adams went ahead with his truck purchase and started a freight hauling business. In February 2011, however, Phillips' supervisor placed Adams under arrest on the Salem warrant, and he was detained pending probation revocation proceedings. As a result of his detention, Adams could not earn the money to keep up payments on the truck, it was repossessed, and his business

failed. After a hearing in April 2011, Adams' probation was extended for another year because of his failure to timely pay his court-ordered obligations.

Police arrested Adams on March 30, 2012, on a probation violation warrant charging, among other things, that he had failed to pay court obligations in Wythe County. Phillips did not appear at the subsequent revocation hearing, and another officer testified about Adams' violations, using Phillips' report. Adams' probation was revoked, along with suspended sentences totaling eight years in prison, which Adams is now serving.

In this § 1983 action, Adams sues Phillips, his supervisor, and several other probation officials, seeking declaratory and injunctive relief and monetary damages. Adams asserts that Phillips deliberately failed to tell him about the outstanding Salem warrant, which caused Adams to forego paying his court costs out right and to enter into the business plan that Phillips knew was doomed to fail. Adams also sues Phillips for failing to attend the revocation hearings and sues Phillips' supervisor for failing to prevent or correct Phillips' violations of Adams' rights. Finally, Adams sues the supervisor and several other probation officers for various actions that allegedly caused him to be wrongfully charged with and found guilty of probation violations and to suffer collateral consequences of incarceration, such as financial losses and emotional distress. Adams contends that Phillips' actions constituted fraud and discrimination and that the defendants'

actions violated the Virginia Constitution and other state statutes and his federal rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments.

II.

The court must dismiss any action filed by a prisoner against a governmental entity or officer if the court determines that the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Plaintiff's allegations do not state an actionable claim unless he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (finding dismissal appropriate where plaintiff's stated factual matter does not support a "plausible" claim for relief). To state a claim under § 1983, the plaintiff must allege facts showing that a person acting under color of state law undertook conduct that violated the plaintiff's constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013) ("Section 1983 of Title 42 creates a cause of action against any person who, acting under color of state law, abridges a right arising under the Constitution or laws of the United States.")

Adams complains that actions by the defendant probation officials caused him to be wrongfully charged with and found guilty of probation violations, which resulted in the term of imprisonment he is now serving and its consequences to his

finances and freedom. Claims of this nature, challenging the validity of the plaintiff's confinement, are not actionable under § 1983 unless the judgment imposing the term of confinement has been overturned or set aside. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

> [I]n order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order . . . or called into question by a federal court's issuance of a writ of habeas corpus. . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* (footnote omitted).

If Adams could prove that the probation officers knowingly took actions that caused Adams to be wrongfully charged with, prosecuted for, and found guilty of probation violations, such findings would necessarily imply that the state courts' revocations of Adams' probation and suspended sentences were in error. Because Adams offers no evidence that the orders revoking his probation and sentencing him to prison time have been overturned or expunged, any cause of action for damages which he may have against anyone for wrongful actions that contributed

-5-

to the procurement of those orders has not yet accrued.[1]  *Id.*; *Allen v. Owen*, No. 4:14-cv-00011, 2014 WL 3784346 (W.D. Va. July 31, 2014) (applying *Heck* to bar § 1983 claims concerning alleged wrongful revocation of probation and prison time).  Therefore, Adams' §1983 claims against the defendants regarding his confinement are not yet actionable under § 1983.  I will dismiss these claims without prejudice under § 1915A(b)(1).

If Adams is attempting to assert constitutional claims unrelated to his confinement based on the revocation of his probation, I am not able to discern the basis for any such claim.  Adams was well aware that he had not met the schedule for paying his restitution and other court costs, a condition of his probation.  No doubt Adams wishes that he had followed Phillips' encouragement to use the settlement check to pay these court obligations.  I can find no respect in which Phillips violated Adams' constitutional rights, however, merely by failing to notify him of a pending violation warrant based on Adams' nonpayment.  While the court has an obligation to liberally construe pro se pleadings, this duty does not obligate me to construct the pro se litigant's legal arguments for him, and the "mere citation" of a constitutional provision is not a sufficient premise for federal jurisdiction. *Weller v. Dep't of Soc. Servs. for the City of Balt.*, 901 F.2d 387, 391

---

[1] *Heck* also bars Adams' claims for declaratory and injunctive relief related based on the defendants' alleged contributions to his wrongful confinement. *See, e.g.*, *Mobley v. Tompkins*, 473 F. App'x 337, 337-38 (4th Cir. 2012) (unpublished) (applying *Heck* in a civil action seeking damages and injunctive relief relating to federal convictions).

(4th Cir. 1990); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Therefore, I will dismiss Adams' purported constitutional claims without prejudice under § 1915A(b)(1).

Adams' claims asserted under state law or probation regulations are not independently actionable under § 1983, which is intended to vindicate federal rights. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). Plaintiff's state law claims are thus not independently actionable under § 1983, and I decline to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c). I will dismiss all such claims without prejudice accordingly.

A separate Final Order will be entered herewith.

                                    DATED: November 17, 2014

                                    /s/ James P. Jones
                                  United States District Judge